MR. JUSTICE SHEA,
dissenting:
I would vacate the sentence and remand for the sentencing court to sentence defendant only for a misdemeanor conviction — his conviction was for the misdemeanor of carrying a concealed weapon in violation of Section 45-8-316(1), MCA.
The information charged defendant only with a misdemeanor and the resulting conviction can result in a sentence only for a misdemeanor. The fact that defendant had a previous felony record cannot be used to transform his conviction from that of a felony in terms of the sentence that he received.
I view Section 45-8-316, MCA, as creating two offenses, one a misdemeanor (Subsection (1)), and the second a felony (Subsection (2)). Each of these subsections is self-contained except that Subsection (1) lists the weapons that are proscribed or that fall within the definition of a concealed weapon.
In charging defendant the State had the choice of alleging a violation of Subsection (1) or a violation of Subsection (2). The State chose to charge a violation of Subsection (1) — the misdemeanor subsection. It is true that in its application for leave to file an information the State also alleged that defendant had been previously convicted of a felony, but this statement in the application does not transform the charge into something different than what was actually charged. The charge was a misdemeanor, defendant was convicted of a misdemeanor, and he should be sentenced only for this conviction, which carries “. . . a fine not exceeding $500 or imprisonment in the county jail for a period *293 not exceeding 6 months, or both.” (45-8-316(1)).
The statute, as interpreted by the majority, strips defendant of his right to jury trial on an essential element of the offense under Section 45-8-316(2). If the penalty can be enhanced from misdemeanor proportions to felony proportions because of a previous felony conviction, defendant should have a right to jury trial on that issue. He also had a right to be informed in the information that he was charged not only with carrying a concealed weapon but with the second element of the offense, having been convicted of a previous felony.
Although defendant and his counsel stipulated to the fact that defendant was the same person as shown in the certified conviction record shown to the judge, the undeniable fact is that they stipulated to nothing that the State was required to prove by the terms of the information. The information charged defendant with a violation of Section 45-8-316(1) only, and defendant was entitled to rely on that charge in proceeding to trial and in entering into the stipulation. The fact is that the State apparently was proceeding to prove something that, by the terms of the charges, it was not required to prove, and something that could therefore be highly prejudicial to defendant.
Had defendant been charged in the Information with a violation of 45-8-316(2) it is doubtful that defendant would have entered into the stipulation he did. Or, on the other hand, defendant may have waived his right to a jury trial on the issue of the previous record. But neither of these situations were part of the reality of the proceedings at trial. Defendant simply stipulated to something that was never alleged in the Information in the first place.
However, after the jury convicted defendant of the misdemeanor charge, couched in terms of Section 45-8-316(1) only, the trial court stripped defendant of his constitutional right to a jury trial when he transformed the misdemeanor conviction into a felony conviction for sentencing purposes by finding that defendant had a previous felony conviction. *294 That question was for the jury, and the jury only, in the absence of a known waiver spread upon the record. That is not the record in this case.
For these reasons I would vacate the sentence, uphold the misdemeanor conviction for carrying a concealed weapon, but remand with instructions that defendant cannot be sentenced beyond the maximum limits set forth in Section 45-8-316(1), MCA.